UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSICA ADAMS, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) Case No. 4:11cv1309 TCM |
| CITY OF MANCHESTER, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court[1] on Plaintiffs' unopposed Motion to Conditionally Certify Class, Order Disclosure of Putative Class Members' Names and Contact Information, and to Facilitate Class Notice. [Doc. 22]  The purported class members are current and former records clerk and police officers employed by the City of Manchester ("Defendant").

## Background

Plaintiff Jessica Adams was employed by Defendant, a municipal government and employer, as a record clerk from October 2009 through July 2011.  (Am. Compl. ¶¶ 5, 7; ECF No. 6.)  Plaintiff Charles Everingham was a police officer employed by Defendant through 2010.  (Id. ¶ 6.)

Plaintiffs allege in Count I of their six-count amended complaint that police officers and records clerks employed by Defendant were required "to engage in preparatory activities, end of shift work and other related work activities" for at least twelve-minutes before and

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties.  See 28 U.S.C. § 636(c).

after each work shift and were not paid any compensation for this time, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201-219 . (Id. ¶¶ 15, 29, 30.)  In Count II, Plaintiffs allege that records clerks were denied overtime payment for time worked in excess of forty hours during a single workweek, also in violation of the FLSA.  (Id. ¶ 53-54.)

Plaintiffs bring Missouri statutory and common law claims in Counts III through VI. Specifically, they allege in Count III a violation of Missouri's wage and hour laws, Mo.Rev.Stat. § 290.500 – 290.530; in Count IV a breach of contract; in Count V a claim of quantum meruit; and in Count VI a claim of unjust enrichment.

Attached as an exhibit to Plaintiffs' motion are time records for police officers and records clerks that apparently add twelve minutes to a twelve-hour shift for these employees. (Plfs. Ex. 1; ECF No. 23-1.)  Other exhibits include four affidavits from purported class members in which each affiant avers that he or she (a) was required by Defendant to arrive twelve minutes early for work shifts to perform regular duties for which they were not compensated and (b) witnessed other records clerks and police officers doing the same. (Plfs. Exs. 2-5; ECF Nos. 23-2-23-5.)  Defendant's personnel manual defines a workweek as starting on Sunday and ending on Saturday and provides that "[t]he majority of employees will work . . . for a total of forty (40) hours each week."  (Plfs. Ex. 6; ECF No. 23-6.)  Non-exempt employees, e.g., employees who are not police officers, are to be compensated at "one-and-one-half times their regular hourly rate" for any time that exceeds forty hours per workweek. (Id.)  Affiants aver that no overtime was paid by Defendant for the hours worked in excess of forty hours a workweek.  (Plfs. Exs. 2, 3, 5; ECF Nos. 23-2, 23-3, 23-5.)  Pay

records attached to the motion support the allegations about hours worked and compensation paid. (Plfs. Ex. 8; ECF No. 23-8.)

In their pending motion, Plaintiffs request that the Court conditionally certify this case as a collective action; authorize them to send notice under 29 U.S.C. § 216(b) to two defined classes of individuals; order Defendant to provide them with a computer-readable data file listing the name, last known address, and employment dates of each employee; and post notice of the case in the break room of its office.

## Discussion

Section 216(b) provides that an action "may be maintained against any employer (including a public agency) . . . for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Further, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Id. Although neither the FLSA or the Eighth Circuit Court of Appeals has defined the term "similarly situated" as used in § 216(b), the Eleventh Circuit has held "that section 216(b)'s 'similarly situated' requirement is less stringent than that for joinder under Rule 20(a) and for separate trials under Rule 42(b)." **Grayson v. K Mart Corp.**, 79 F.3d 1086, 1096 (11th Cir. 1996). The standard is also less stringent than that for class actions under Rule 23(b)(3). Id.; accord **Morgan v. Family Dollar Stores, Inc.**, 551 F.3d 1233, 1259 n.36 (11th Cir. 2008).

District courts within the Eighth Circuit "conduct a two-step analysis to determine whether employees are 'similarly situated'" for purposes of § 261(b). **Littlefield v. Dealer Warranty Servs., LLC**, 679 F. Supp.2d 1014, 1016 (E.D. Mo. 2010); accord **Rikard v.**

**U.S. Auto Protection, LLC**, 2011 WL 6754908, *1 (E.D. Mo. Dec. 23, 2011) (citing two other Eastern District of Missouri cases holding the same).  At the first step, plaintiffs seek conditional class certification.  **Littlefield**, 679 F. Supp.2d at 1016.   The plaintiffs burden at this first step "is not onerous and the merits of a plaintiff's claims are not considered."  **Huang v. Gateway Hotel Holdings**, 248 F.R.D. 225, 227 (E.D. Mo. 2008); **Smith v. Heartland Auto. Servs., Inc.**, 404 F. Supp.2d 1144, 1149 (D. Minn. 2005).  Plaintiffs need not show at this step that class members are "actually similarly situated."  **Huang**, 248 F.R.D. at 227; **Fast v. Applebee's Int'l, Inc.**, 243 F.R.D. 360, 363 (W.D. Mo. 2007).

At the second step, a defendant may move to decertify the class, usually after the close of discovery.  **Littlefield**, 679 F. Supp.2d at 1016-17; **Kautsch v. Premier Commc'ns**, 504 F. Supp.2d 685, 688 (W.D. Mo. 2007).  It is at this step that "the court must determine whether the plaintiffs are, in fact, similarly situated," although, as noted above, they "need not be identically situated."  **Littlefield**, 679 F. Supp.2d at 1017 (internal quotations omitted); accord **Grayson**, 79 F.3d at 1096; **Fast**, 243 F.R.D. at 363.

The allegations in the amended complaint, supported by affidavits and documents attached to the motion, clearly carry Plaintiffs' burden at the first step to show a class of similarly situated employees of Defendant.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion is **GRANTED**.  [Doc. 22]  The collective action classes are conditionally certified pursuant to 29 U.S.C. § 216(b). One class shall consist of current and former records clerks and police officers who performed work-related activities without pay at least twelve (12) minutes before the scheduled starts of their

shifts within the last three (3) years. The other class shall consist of current and former records clerks who were not provided overtime compensation for hours worked in excess of forty (40) in a single workweek within the last three (3) years.

**IT IS FURTHER ORDERED** that, within fourteen days of the date of this Order, Defendant is to identify all police officers and records clerks employed in the last three years and is to provide Plaintiffs' counsel with a computer readable data file listing the names, last known address, and dates of employment for each such employee.

**IT IS FURTHER ORDERED** that, within fourteen days of the date of this Order, Defendant is to post notice of this case in its break room at its office.

**IT IS FINALLY ORDERED** that Plaintiffs may send notices and consent forms to potential opt-in class members in forms substantially identical to the notices submitted as Exhibits 14 and 15 and forms submitted as Exhibit 13.

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  12th day of January, 2012.