UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSICA ADAMS, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>CITY OF MANCHESTER, )<br>)<br>Defendant. ) | Case No. 4:11cv1309 TCM |

## MEMORANDUM AND ORDER

This matter is before the Court[1] on the motion of the City of Manchester (Defendant) for partial summary judgment on the claims of plaintiffs Charles Everingham and Christin Hagler for violations of the Fair Labor Standard Act ("FLSA") 29 U.S.C. § 201-219 (Count I); for violations of Missouri's Wage and Hour Law, Mo.Rev.Stat. § 290.500 - 290.530 (Count III); for breach of contract (Count IV); for quantum meruit (Count V); and for unjust enrichment (Count VI).

Everingham brings his claims individually and as representative of a "Police Officer Subclass," i.e., police officers employed by Defendant's Police Department within the last three years. Title 29 U.S.C. § 216(b) provides, in relevant part, that an employee who wishes to be a party plaintiff in an action to recover, inter alia, unpaid overtime compensation must consent in writing to become such a party. Hagler is the only other person within the Police Officer Subclass who consented to become a party plaintiff prior to the deadline.

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

**Background**

Everingham and Hagler were employed by Defendant, a municipal government, as police officers through 2010. (Def. Stat. of Mat. Facts (Stat.[2]) ¶¶ 1, 3-4, ECF No. 38.) On August 23, 2009, Defendant's Police Department issued Special Order 9.8E, reading, in part:

> The [FLSA] states that law enforcement personnel working a twenty eight day work schedule must be compensated for time worked over 171 hours. The police department will institute a 12 hour shift consisting of four days on duty and then four days off. For each 28 day schedule, this will require one platoon to be scheduled for 16 days, which will exceed the 171 maximum covered by FLSA. For this reason, the platoon scheduled for 16 days, for what will be referred to as the long rotation, will be required to received two extra days off in that 28 day schedule. This will equal 168 hours worked. . . . The other platoon will work 12 shifts in the 28 day schedule, which equals 144 hours, and will be referred to as the short rotation. This will be the minimum number of hours an officer will be required to work. The platoons will rotate each 28 day schedule from the long to short rotation. . . .
>
> . . .
>
> The schedule as explained above will also require a 12 minute roll call period for each officer beginning at 0548 hours for day watch, and 1748 hours for the night watch.

(Pl. Ex. 4[3] at 1, 2, ECF No. 82-4.)

On the question of overtime, Defendant's Employee Personnel Manual provides, in relevant part:

> All non-exempt employees (except police officers working in uniform only) will be compensated by being paid one-and-one-half (1 & ½) times their regular hourly rate after forty (40) hours of actual work, or forty (40) hours of

---

[2] "Stat." refers to a party's Statement of Material Facts which are admitted by the opposing party.

[3] Some exhibits, e.g., Special Order 9.8E, Walsh's deposition, and Defendant's Personnel Manual, were submitted by both parties. The Court's citation in such instances to only one of the parties' exhibits is not an indication of any favoritism.

- 2 -

paid leave, or forty (40) hours of a combination thereof, in a work week. Paid leave includes vacation, holiday and personal leave, bereavement leave, jury duty leave and the use of compensatory time. Non-exempt officers work 12-hour or ten-hour shifts and will be paid at a premium rate of one-and-one-half (1 & ½) times their normal rate of pay for hours actually worked in excess of twelve (12) or ten (10) hours per shift, *excluding any roll call period that begins prior to the start of a work shift*.

(Pl. Ex. 1 at [4], ECF No. 82-1.) (Emphasis added.)

The Manual also provides:

Th[e] Employee Personnel Manual is a summary of important practices and policies, and will provide answers to many questions that may arise; however, no booklet can cover every situation. The City's Code of Ordinances[4] and the Revised Statutes of Missouri and federal laws shall govern if there is a conflict. In addition, written procedures, which are available for review in your Department Head's office, may reflect specific procedural statutory requirements for your department not noted in this Personnel Manual.

(Pl. Ex. 1 at [3].) (Footnote added.)

Police officers assigned as Road Staff work twelve-hour shifts and are required to "engage in preparatory activities," e.g. receive necessary information, at least twelve minutes beforehand. (Def. Ex. H, Walsh Aff. ¶ 4, ECF No. 37-88; Def. Reply Ex. 2, Walsh Dep. at 36, 39-40, ECF No. 76-1.)

Submitted exhibits indicate that Everingham was scheduled to work the "long rotation" from August 23, 2009, to September 19, 2009. (Def. Reply Exs. 9, 10, ECF No. 76-8, 76-9.) His time records indicate that he worked fourteen shifts of 12.2 hours – 12 hours and 12 minutes – for a total of 170.8 hours, including 10 hours of overtime and 8 hours of legal holiday. (Def. Reply Ex. 10.) He was compensated for eighty hours from August

---

[4]Inconsistently with this caveat, Defendant's Chief of Police, Timothy Walsh, testified that the Personnel Manual is a city ordinance. (See Def. Reply Ex. 2, Walsh Dep. at 14.)

23, 2009, to September 5, 2009, at a rate of $30.25 per hour; eighty hours from September 6, 2009, to September 19, 2009, at the rate of $30.50 per hour; eight hours of legal holiday from September 6, 2009, to September 19, 2009, at a rate of $30.50 per hour; and ten hours of overtime from September 6, 2009, to September 19, 2009 at a rate of $45.75 per hour. (Def. Reply Ex. 11, ECF No. 76-10.) During the twenty-eight day period between February 7, 2010, to March 6, 2010, Everingham worked fourteen shifts of the "long rotation" for a total of 170.8 hours. (Def. Reply Exs. 12, 13.) He earned 1.25 hours of compensatory time and received eight hours for a legal holiday. (Def. Reply Ex. 13.) He was compensated for 160 hours of regular earnings and 8 hours for the legal holiday at the rate of $31.11 per hour. (Def. Reply Ex. 14.) During the twenty-eight day period from March 7, 2010, to April 3, 2010, Everingham was scheduled to work the "short rotation." (Def. Reply Exs. 18, 19.) Time records indicate that he worked twelve shifts of 12.2 hours for a total of 146.4 hours. (Def. Reply Ex. 19.) He was compensated for 160 hours. (Reply Def. Ex. 20.) Defendant does not keep a record for payroll purposes for when a police officer arrives at work. (Def. Reply Ex. 2, Walsh Dep. at 80.)

Defendant's time records reflect that police officers' shifts begin twelve minutes prior to the twelve-hour shifts. (Def. Reply Exs. 10, 13, 16, 19.)

## Discussion

Summary Judgment Standard. "Summary judgment is . . . proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" **Torgerson v. City of Rochester**, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting

Fed.R.Civ.P. 56(c)(2)). "The movant 'bears the initial responsibility of informing the . . . [C]ourt of the basis for its motion,' and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" **Id.** (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) (last two alterations in original). "If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing a genuine issue for trial.'" **Id.** (quoting Celotex Corp., 477 U.S. at 324). The nonmovant must "explain the legal significance of [its] factual allegations beyond mere conclusory statements importing the appropriate terms of art." **Quinn v. St. Louis Cnty.**, 653 F.3d 745, 752 (8th Cir. 2011). "'The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.'" **Gibson v. Am. Greetings Corp.**, 670 F.3d 844, 853 (8th Cir. 2012) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)). Evidence that is "merely colorable" or "is not significantly probative" is insufficient. **Anderson**, 477 U.S. at 249-50. See also **Barber v. C1 Truck Driver Training, LLC**, 656 F.3d 782, 801 (8th Cir. 2011) ("mere speculation, conjecture, or fantasy" are insufficient to defeat summary judgment motion) (internal quotations omitted).

Additionally, summary judgment is "particularly appropriate" when only questions of law are at issue. **Cremona v. R.S. Bacon Veneer Co.**, 433 F.3d 617, 620 (8th Cir. 2006).

Count I: FLSA. "Congress enacted the FLSA in 1938 with the goal of 'protect[ing] all covered workers from substandard wages and oppressive working hours.'" **Christopher v. SmithKline Beecham Corp.**, 123 S.Ct. 2156, 2162 (2012) (quoting Barrentine v.

Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981)) (alternation in original). "Later amendments in 1966 and 1974 extended the Act's reach to state and municipal employers." **Calvao v. Town of Farmington**, 599 F.3d 10, 13 (1st Cir. 2010). "[T]he FLSA obligates employers to compensate employees for hours worked in excess of 40 per week at a rate of 1 ½ times the employees' regular wages." **Christopher**, 123 S.Ct. at 2162 (citing 29 U.S.C. § 207(a)). "The overtime compensation requirement, however, does not apply with respect to all employees." **Id.** An exception to the obligation of § 207(a) is set forth in § 207(k):

> No public agency shall be deemed to have violated subsection (a) of this section with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities . . . if –
>
> > (1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed the lesser of (A) 216 hours, or (B) the average number of hours (as determined by the Secretary pursuant to section 6(c)(3) of the Fair Labor Standards Amendments of 1974) in tours of duty of employees engaged in such activities in work periods of 28 consecutive days in calendar year 1975; or
> >
> > (2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours (or if lower, the number of hours referred to in clause (B) of paragraph (1)) bears to 28 days,
>
> compensation at a rate not less than one and one-half times the regular rate at which he is employed.

"[T]he partial exemption in § 207(k) set a higher threshold of number of hours that public safety personnel can work in a twenty-eight day work period – or a proportional number of hours in a shorter work period of at least seven days – before these employees become

entitled to overtime compensation." **Calvao**, 599 F.3d at 13.  And, "[f]or those employees engaged in law enforcement activities . . . who have a work period of at least 7 but less than 28 consecutive days, no overtime compensation is required under § [20]7(k) until the number of hours worked exceeds the number of hours which bears the same relationship to 171 as the number of days in the work period bears to 28." 29 C.F.R. § 553.230(b).

"[I]n order to prevail on their overtime claims, Plaintiffs [are] required to present evidence that they worked above their scheduled hours without compensation and that [Defendant] knew or should have known that they were working overtime." **Hertz v. Woodbury Cnty., Ia.**, 566 F.3d 775, 781 (8th Cir. 2009).  Plaintiffs argue that Defendant has violated the FLSA by not compensating them for the twelve minutes they must be there prior to the beginning of their scheduled twelve-hour shift.  Defendant's Personnel Manual provides that police officers work ten to twelve hour shifts and are to be paid one and one-half times their normal pay for time spent in excess of these shifts, excluding roll call periods.  Defendant counters that Plaintiffs have been appropriately compensated under § 207(k) because they have not worked in excess of 171 hours during each twenty-eight day work period.  Special Order 9.8E requires that police officers working the "long rotation" work for a total of 168 hours; however, with the twelve minutes added to the beginning of each shift, the officers are scheduled to work a total of 170.8 hours.

"'[T]he application of an exemption under the [FSLA] is a matter of affirmative defense on which the employer has the burden of proof." **Hertz**, 566 F.3d at 783 (quoting Corning Glass Works v. Brennan, 417 U.S. 188, 196-97 (1974)).  See also **Johnson v. City of Columbia, S.C.**, 949 F.2d 127, 129-30 (4th Cir. 1991) ("Exemptions from or exceptions

to the [FLSA's] requirements are to be narrowly construed against the employer asserting them.") (internal quotations omitted). On the record before the Court, Defendant has failed to carry its burden.

In its reply brief, Defendant argues for the first time that the exemption of 29 U.S.C. § 207(f) applies to Plaintiffs' claims and renders irrelevant any discrepancies between hours worked and hours compensated. That section reads:

> No employer shall be deemed to have violated subsection (a) of this section by employing any employee for a workweek in excess of the maximum workweek applicable to such employee under subsection (a) of this section if such employee is employed pursuant to a bona fide individual contract, or pursuant to an agreement made as a result of collective bargaining by representatives of employees, if the duties of such employee necessitate irregular hours of work, and the contract or agreement (1) specifies a regular rate of pay of not less than the minimum hourly rate . . . and compensation at not less than one and one-half times such rate for all hours worked in excess of such maximum workweek, and (2) provides a weekly guaranty of pay for not more than sixty hours based on the rates so specified.

"Section [20]7(f) is the only provision of the [FLSA] which allows an employer to pay the same total compensation each week to an employee who works overtime and whose hours of work vary from week to week . . . ." **Marshall v. Hamburg Shirt Corp.**, 577 F.2d 444, 446 (8th Cir. 1978) (alteration in original). See also 29 C.F.R. § 778.114(a) (explaining how to calculate overtime pay for an employee who has a fluctuating workweek, i.e., an employee who is paid a fixed weekly salary even though he or she will be working alternating weeks of fewer or greater weekly hours than an agreed-upon average)).

"'It is well settled that [the Court] do[es] not consider arguments raised for the first time in a reply brief.'" **K.C. 1986 Ltd. P'ship v. Reade Mfg.**, 472 F.3d 1009, 1018 n.2 (8th Cir. 2007) (quoting Navarijo-Barrios v. Ashcroft, 322 F.3d 561, 564 n.1 (8th cir. 2003)).

Moreover, were the § 207(f) argument to be considered, Defendant would still not be entitled to summary judgment on the record now before the Court. For the § 207(f) exemption to apply, the employee must be employed pursuant to an individual contract or a collective bargaining agreement. Without citation to any authority, Defendant proffers as a qualifying contract its Personnel Manual and a "receipt and acknowledgment" whereby the employee acknowledges having read and understood the Manual and agrees to be bound by its policies. (See Def. Exs. 1, 8; ECF Nos. 76, 76-7.) The Manual and receipt may or may not meet § 207(f)'s requirement, but "[i]t is not this [C]ourt's job to research the law to support [a party's] argument." **Viking Supply v. Nat'l Cart Co.**, 310 F.3d 1092, 1099 (8th Cir. 2002) (first alteration in original) (internal quotations omitted).

Nor has Defendant carried its burden of showing that Plaintiffs' duties necessitated "irregular hours of work." See 29 U.S.C. § 207(f). "For hours to be considered irregular within the meaning of section [20]7(f), they must, in a significant number of weeks, fluctuate both below forty hours per week as well as above, and the fluctuations below forty must result from work requirements, not vacations, holidays, illness or reasons personal to the employee." **Donovan v. Brown Equipt. and Service Tools, Inc.**, 666 F.2d 148, 154 (5th Cir. 1982). And, "[e]ven if an employee does in fact work a variable workweek, the question must still be asked whether his duties necessitate irregular hours of work. [Section 207(f)] is not designed to apply in a situation where the hours of work vary from week to week at the discretion of the employer or the employee, nor to a situation where the employee works an irregular number of hours according to a *predetermined schedule*." 29 C.F.R. § 778.045

(emphasis added). Defendant has failed to submit any evidence that the hours worked by its police officers satisfy the standard of § 207(f).

Counts II, IV through VI. The success of Defendant's arguments on Counts II, IV, V, and VI depends on the success of its argument on Count I. As set forth above, Defendant has failed to carry its burden on Count I.

## Conclusion

Defendant has failed to show that it is entitled to judgment as a matter of law on the claims of plaintiffs Charles Everingham and Cristin Hagler for overtime compensation. Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion of the City of Manchester for partial summary judgment is **DENIED**. [Doc. 36]

**IT IS FURTHER ORDERED** that the motion of Plaintiffs to strike Defendant's reply and the motion of Defendant to strike Plaintiffs memorandum in support of its motion to strike are each **DENIED**. [Docs. 79, 83]

**IT IS FINALLY ORDERED** that, **within seven days of the date of this Order**, counsel are to confer and submit a proposed *joint* schedule for the selection of a neutral and the completion of the alternative dispute resolution conference. Terese A. Drew remains as designated lead counsel.

                                                /s/Thomas C. Mummert, III
                                                THOMAS C. MUMMERT, III
                                                UNITED STATES MAGISTRATE JUDGE

Dated this  7th  day of August, 2012.