UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSICA ADAMS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:11cv1309 TCM |
| ) | |
| CITY OF MANCHESTER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This action began with the filing by two plaintiffs, Jessica Adams and Charles Everingham, of a seven-count complaint in July 2011 and is set for trial in May 2013. Now, with, among other things, a motion for partial summary judgment filed by Everingham and a motion for sanctions filed by defendant, City of Manchester (Manchester), pending, Everingham and the other member of the subclass of police officers, Christin Hagler, separately move to dismiss their claims without prejudice. As has been the norm in this case, the motions are vigorously opposed.

### Background

In their complaint, amended before a responsive pleading was been filed, Adams and Everingham (collectively referred to as Plaintiffs) alleged that Manchester had violated the Fair Labor Standards Act, (FLSA), 29 U.S.C. § 201-219, and state law by not paying them the wages they were due. They brought their claims individually and as representatives of two subclasses. Everingham alleged that he was a police officer employed by Manchester's Police Department within the past three years and was a member of a police officer subclass.

(Am. Compl. ¶ 9, ECF No. 6.) He alleged that he and other members of the subclass had not been compensated for time spent in training or for overtime. (Id. ¶¶ 35-36, 42, 44.) Three months later, in November 2011, Plaintiffs moved, without objection, to conditionally certify for their FLSA claims a class of police officers who had, within the last three years, performed work-related activities without pay for at least twelve minutes before the scheduled start of their shift. (ECF No. 22.) This motion was granted in January 2012. (ECF No. 24.) Soon thereafter, Hagler consented to join the police officer subclass. (ECF No. 26.) Although the deadline was later extended to June 1, 2012, no other individual has opted-in to join the police officer subclass.

Also in January, the deadline established by the Case Management Order for the amendment of pleadings passed. (ECF No. 19.)

In March 2012, Manchester moved for partial summary judgment on the claims of the police officer subclass. (ECF No. 36.) Plaintiffs filed their response in May. (ECF Nos. 68, 69.) Manchester filed its reply in June, including 117 pages of exhibits. (ECF No. 75.) Plaintiffs then moved to strike the reply, arguing, inter alia, that the reply impermissibly presented issues not raised in the seminal motion. (ECF No. 79.) Manchester moved to strike Plaintiffs' motion to strike, arguing that it was a surreply in disguise. (ECF No. 83.)

In August, the Court denied the motion for partial summary judgment and both motions to strike.[1] (ECF No. 87.)

---

[1]Plaintiffs argue that the Court's holding meant that "Plaintiffs were justified in continuing to prosecute Plaintiff's [sic] Everingham's claim under the FLSA for unpaid overtime." (Pls. Reply at 5, ECF No. 132.) Manchester argues in its response to the motions to dismiss that Plaintiffs have had the same evidence about Everingham's and Hagler's pay since March 2012 that they had when moving to dismiss their claims. If so – and, the Court notes that Plaintiffs do not dispute this representation

The next month, the parties participated in a mediation conference, but were unable to reach a settlement. (See ECF No. 92.)

The following month, on October 12, Manchester moved for an extension of the deadline by which to file its expert witness report. (ECF No. 93.) Plaintiffs objected to the proposed eighteen-day extension, arguing that they would be "severely prejudiced" by such an extension and noting that the first case management order had been entered eleven months earlier. (ECF No. 94.) The motion was granted. (ECF No. 96.)

On October 26, Plaintiffs moved to certify a class under Federal Rule of Civil Procedure 23 for their state law claims in Counts IV through VI of their first amended complaint. (ECF No. 97.) In support, Plaintiffs attached various exhibits. (ECF No. 98.) Other than three affidavits generated for the purpose of the motion, these exhibits are either documents that had been in Plaintiffs' possession at least since June, when Manchester filed its reply in support of its motion for partial summary judgment, or documents that include information no more recent than January 2012. (Cf. e.g., Ex 1, ECF No. 98-1, with Ex. 3, ECF No. 75-3; see Ex. 5, ECF No. 98-5, pay schedule with most recent date being January 7, 2012.) The Court denied the motion, finding that the sought-after class certification would result in undue prejudice. (ECF No. 102.)

The same day, without explanation, Plaintiffs moved to dismiss Counts III, IV, V, and VI of their amended complaint without prejudice. (ECF No. 103.) The Court granted the motion over Manchester's opposition. (ECF No. 106.)

---

– the Court's summary judgment ruling, based on the arguments and supporting evidence presented, does not translate into a finding that Plaintiffs could precede to litigate a claim they know, or should know, to be without factual and legal merit.

- 3 -

Construing the Court's order granting Manchester's motion for extension of time within which to file its expert reports as a fifteen-day extension of time within which to file dispositive motions, Plaintiffs filed two motions for summary judgment on December 14. (ECF Nos. 109, 110.) One motion – supported by an eleven-page memorandum, a five-page statement of uncontroverted material facts, and thirty pages of exhibits – is filed by Everingham and alleges that he is owed $448.35 for 9.8 hours of overtime he worked during the period from August 23 to September 16, 2009.[2] (ECF No. 109.) No mention is made of Christin Hagler. On January 4, Manchester filed a thirty-three page response, including an allegation that Everingham was compensated for 10.0 hours of overtime for the period between August 23 to September 19, 2009. (ECF Nos. 113-16.)

Three days later, Manchester moved for sanctions, arguing, inter alia, that Plaintiffs' motions for summary judgment "are frivolous, disingenuous, and a waste of the Court's time and resources." (ECF No. 122 at 3.)

The following week, on January 14, Hagler moved to dismiss her claims without prejudice. (ECF No. 126.).

Two days later, Adams and two other individuals who had opted-in to the records clerks subclass, filed a reply in support of their motion for summary judgment. (ECF Nos. 127-29.) Everingham moved to dismiss his claims without prejudice, representing that a grant of his motion would render his motion for summary judgment moot. (ECF No. 130.)

---

[2]The other motion is filed by Adams.

Manchester argues that a dismissal of Hagler's and Everingham's claims should be *with* prejudice and accompanied by an award to it of related attorney's fees and costs. Plaintiffs disagree.

## Discussion

At this stage of the proceedings, Hagler and Everingham may dismiss their claims "only upon order of the court and upon such terms and conditions as the court deems proper." **Hamm v. Rhone-Poulenc Rorer Pharms., Inc.**, 187 F.3d 941, 950 (8th Cir. 1999) (citing Fed.R.Civ.P. 41(a)). "A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court." **Id.** "In exercising that discretion, a court should consider . . . [a] whether the party has presented a proper explanation for its desire to dismiss[;] [b] whether a dismissal will result in a waste of judicial time and effort[;] and [c] whether a dismissal will prejudice the defendant[]." **Id.** (internal citations omitted); accord **Thatcher v. Hanover Ins. Group, Inc.**, 659 F.3d 1212, 1213-14 (8th Cir. 2011). Another consideration is whether a motion for summary judgment has been filed. See **Paulucci v. City of Duluth**, 826 F.3d 780, 783 (8th Cir. 1987). "[A] party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." **Hamm**, 187 F.3d at 950. Rather, "[t]he purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." **Paulucci**, 826 F.2d at 782.

Contrary to Plaintiffs' position, the Court finds that consideration of the four relevant factors militates against granting Everingham's and Hagler's motions to dismiss without prejudice.

First, they have not offered an explanation for their motions, including the timing. In their reply in support of the two motions to dismiss, Plaintiffs state that they examined Everingham's time sheets and payroll records after receiving Manchester's response to Everingham's motion for summary judgment and then moved to dismiss Everingham's and Hagler's claims. Those time sheets and payroll records were in their possession before they filed Everingham's motion for summary judgment.

Second, a dismissal *without* prejudice will waste judicial time and effort. The parties have vigorously litigated this case. Discovery has been conducted, disputed, and concluded. Mediation has been conducted and concluded. Dispositive motions have been filed, briefed, and, in one instance, ruled. See **Hamm**, 187 F.3d at 950 (finding no error in *denying* motion for voluntary dismissal without prejudice after opposing party's motion for summary judgment had been filed, served, and ruled). Cf. **Thatcher**, 659 F.3d at 1214 (affirming dismissal without prejudice of action when "motion to dismiss came at the outset of the action, so little judicial time and effort had been expended"); **Furminator, Inc. v. Munchkin, Inc.**, No. 4:08cv0367 ERW, 2009 WL 4430283, *4 (E.D. Mo. 2009) (granting motion to dismiss case without prejudice and noting that movant had explained why, that there were no motions for summary judgment pending, and that prejudice suffered by the non-moving party would be adequately addressed by award of fees and costs).

Third, a dismissal without prejudice would prejudice Manchester. Everingham has moved for summary judgment on the merits of his claim for overtime pay. Manchester has filed a response. The only pleading outstanding – a reply to Manchester's response – would be filed Everingham. Plaintiffs argue that Manchester would have had to defend against their

- 6 -

FLSA claims regardless of whether those claims included Everingham's and Hagler's. Everingham and Hagler are the only members of the police officer subclass. They are the only plaintiffs who contend that they are due overtime for having do work-related activities prior to the beginning of their shift. Their claims are sufficiently distinct from the other plaintiffs that they are in a separate subclass, as is evident from the separate motion of Everingham for summary judgment. Plaintiffs also argue that Manchester implicitly acknowledged that Everingham's and Hagler's claims did not require a separate expenditure of time by challenging "only five documents filed by Plaintiffs on a docket containing over 130 entries." (Pls. Reply at 3.) A careful reading of the docket belies Plaintiffs' argument. Of the 130 entries, 67 relate to procedural matters, 20 to discovery, and 40 are substantive pleadings filed by the parties – 20 by Plaintiffs; 20 by Manchester. Regardless whether "only five documents" are directed to the police subclass's claims, the relevant pleadings reflect the expenditure of much time and effort on those claims. Cf. **Thatcher**, 659 F.3d at 1214 (noting that "any prejudice to defendants was limited because the case had not progressed beyond the pleading stage"). Moreover, if Plaintiffs were, as they earlier contended, prejudiced by an eighteen-day extension of time within which Manchester could file its expert report, they should certainly understand prejudice resulting from a dismissal without prejudice of the only claims relating to the police officer subclass seventeen months into a much-litigated case and four months before trial. "[W]hat is good for the goose is good for the gander." **Admin. Comm. of Wal-Mart Stores, Inc. v. Gamboa**, 479 F.3d 538, 545 (8th Cir. 2007) (declining to permit a party to cite a document only for its benefits and ignore it for its responsibilities).

Fourth, a motion for summary judgment has been filed as to the claims of the police subclass. Although the motion was filed by Plaintiffs, Manchester had filed its response before Everingham and Hagler filed their motions to dismiss. The Court declines to impose a rule that only motions for summary judgment filed by the party opposing a voluntary dismissal may be considered when evaluating this fourth factor.

## **Conclusion**

For the foregoing reasons, the Court will not grant Everingham's and Hagler's motions to dismiss their claims without prejudice. Any voluntary dismissal of these claims must be with prejudice. Accordingly, Charles Everingham and Christin Hagler will be granted **up to and including 5 o'clock in the afternoon of February 25, 2013**, within which to amend their motions to dismiss to be with prejudice. See **Jaramillo v. Burkhart**, 59 F.3d 78, 79 (8th Cir. 1995) (If the court intends to dismiss the case with prejudice, it "must give the plaintiff notice of its intention and a chance to withdraw the request and proceed with the litigation."). Should no amendment be timely forthcoming, their motions will be denied.

All parties are cautioned that this Order does not presage a ruling, favorable or not, on Manchester's pending motion for sanctions.

SO ORDERED.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of February, 2013.