## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **JESSICA ADAMS, TRACEY** | ) | |
| **LOHSE, and MARK DEMITROFF,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:11cv1309 TCM** |
| | ) | |
| **CITY OF MANCHESTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of the remaining plaintiffs, Jessica

Adams, Tracey Lohse, and Mark Demitroff, for summary judgment on the remaining count,

Count II, of their First Amended Complaint. Specifically, Plaintiffs argue that they have

established that there is no genuine issue of material fact about their rights under the Fair

Labor Standard Act ("FLSA") 29 U.S.C. § 201-219, to be paid overtime compensation at a

certain rate for a certain number of overtime hours worked, about the violation of the FLSA

being willful, and about their right to liquidated damages.

As the moving party, Plaintiffs "bear[] the initial responsibility of informing the

[C]ourt of the basis for the motion, and must identify those portions of the record which

[they] believe[] demonstrate the absence of a genuine issue of material fact." **Gannon Int'l,**

**Ltd. v. Blocker**, 684 F.3d 785, 792 (8th Cir. 2012) (citing Torgerson v. City of Rochester,

643 F.3d 1031, 1042 (8th Cir. 2011) (en banc)); accord **Jackson v. United Parcel Serv.,**

**Inc.**, 643 F.3d 1081, 1085 (8th Cir. 2011).  Rather than establish the absence of a genuine issue of material fact, Plaintiffs establish the opposite by submitting in their reply brief allegations concerning rate of pay and overtime hours worked that are inconsistent with those submitted in their opening brief.  The varying evidence is set forth in the tables below.

| Jessica Adams | Motion | Response | Reply | Difference |
|---|---|---|---|---|
| **Period A:** | 10/4/09-12/26/09 | agree | agree | none |
| base pay/hour | $13.29 | agree | agree | none |
| overtime pay/hour | $19.94 | agree | agree | none |
| overtime hrs. worked | 35.53 | agree | 49.53 | 14.0 |
| overtime compensated | none | .33 | .33 | none |
| overtime pay due | $701.29 | $701.29[1] | $981.05 | $279.76 |
| **Period B:** | 12/27/09 - 1/1/11 | agree | 1/3/10 - 4/3/10 | |
| base pay/hour | $13.42 | agree | agree | none |
| overtime pay/hour | $20.34 | $20.13 | $20.13 | reconciled |
| overtime hrs. worked | 116.75 | 116.75 | 29.95 | (86.8) |

---

[1]The amount due in the "Response" column is the amount of overtime hours multiplied by the overtime hourly rate.  With the exception of the amount allegedly due Lohse for the period from October 4, 2009, to December 26, 2009, Defendant did not admit any specific amount was due.

| | | | | |
|---|---|---|---|---|
| overtime compensated | none | 2.75 | .75 | 2.0 |
| overtime pay due | $2,374.70 | $2,318.76 | $587.79 | ($1,786.91) |
| **Period C(1):** | 1/2/11 - 7/23/11 | agree | 4/3/10 - 2/5/11 | |
| base pay/hour | $13.56 | agree | agree | none |
| overtime pay/hour | $20.75 | $20.34 | $20.34 | reconciled |
| overtime hrs. worked | 61.2 | agree | 87.6 | 26.4 |
| overtime compensated | none | none | 2 | 2 |
| overtime pay due | $1,269.90 | $1,244.81 | $1,741.10 | $496.29 |
| **Period C(2):** | | | 2/6/11- 7/24/11 | |
| base pay/hr | | | $13.86 | |
| overtime pay/hr | | | $20.75 | |
| overtime hrs. worked | | | 60.1 | |
| overtime compensated | | | none | |
| overtime pay due | | | $1,247.08 | $1,247.08 |
| **Total overtime due** | $4,346.49 | $4,241.52 | $4,557.02 | $315.50 |

| Tracey Lohse | Motion | Response | Reply | Difference |
|---|---|---|---|---|
| **Period A:** | 10/4/09-12/26/09 | agree | agree | none |
| base pay/hour | $13.29 | agree | agree | none |
| overtime pay/hour | $19.94 | agree | agree | none |
| overtime hrs. worked | 51.4 | agree | agree | none |
| overtime compensated | none | none | none | none |
| overtime pay due | $1,024.92 | $1,024.92 | $1,024.92 | none |
| **Period B:** | 12/27/09 - 4/17/10 | agree | agree | none |
| base pay/hour | $13.42 | agree | agree | none |
| overtime pay/hour | $20.13 | agree | agree | none |
| overtime hrs. worked | 71.3 | 71.3 | 70.3 | (1) |
| overtime compensated | none | 1 | 1 | reconciled |
| overtime pay due | $1,435.27 | $1,415.14 | $1,395.01 | ($20.13) |
| **Period C:** | 4/18/10 - 12/25/10 | agree | 4/4/10 - 2/5/11 | |
| base pay/hour | $13.56 | agree | agree | none |
| overtime pay/hour | $20.34 | agree | agree | none |
| overtime hrs. worked | 188.75 | agree | 212.25 | 23.5 |

| | | | | |
|---|---|---|---|---|
| overtime compensated | none | .5 | none | .5 |
| overtime pay due | $3,839.18 | $3,829.01 | $4,317.17 | $488.16 |
| **Period D:** | 12/26/10 - 4/2/11 | | 2/6/11- 4/2/11 | |
| base pay/hr | $13.83 | agree | agree | none |
| overtime pay/hr | $20.75 | agree | agree | none |
| overtime hrs. worked | 54.8 | agree | 36.5 | 18.3 |
| overtime compensated | none | none | none | none |
| overtime pay due | $1,137.10 | agree | $757.38 | ($379.72) |
| **Total overtime due** | $7,436.47 | $7,406.17 | $7,494.48 | $88.31 |


| **Mark Demitroff** | **Motion** | **Response** | **Reply** | **Difference** |
|---|---|---|---|---|
| **Period A:** | 10/4/09-12/26/09 | agree | 1/4/09 - 1/2/10 | |
| base pay/hour | $13.29 | agree | agree | none |
| overtime pay/hour | $19.94 | agree | agree | none |
| overtime hrs. worked | 23.4 | agree | 30 | 6.6 |
| overtime compensated | none | 1 | 1 | reconciled |

| | | | | |
|---|---|---|---|---|
| overtime pay due | $466.60 | $446.66 | $578.26 | $111.66 |
| **Period B:** | 12/27/09 - 1/1/11 | agree | 1/3/10 - 4/3/10 | |
| base pay/hour | $13.42 | agree | agree | none |
| overtime pay/hour | $20.34 | $20.13 | $20.13 | reconciled |
| overtime hrs. worked | 166.4 | 157.6 | 98.7 | (58.9) |
| overtime compensated | none | 1 | 1 | reconciled |
| overtime pay due | $3,384.58 | $3,172.49 | $1,966.70 | ($1,205.79) |
| **Period C:** | 1/2/11 - 2/19/10 | agree | 4/4/10 - 2/5/11 | |
| base pay/hour | $13.56 | agree | agree | none |
| overtime pay/hour | $20.75 | $20.34 | $20.34 | reconciled |
| overtime hrs. worked | 8.8 | agree | 90 | 81.2 |
| overtime compensated | none | none | none | none |
| overtime pay due | $182.60 | $179.00 | $1,830.60 | $1,651.60 |
| **Period C(2):** | | | 2/6/11- 2/12/11 | |
| base pay/hr | | | $13.86 | |
| overtime pay/hr | | | $20.75 | |

| | | | | |
|---|---|---|---|---|
| overtime hrs. worked | | | 8.8 | |
| overtime compensated | | | none | |
| overtime pay due | | | $182.60 | $182.60 |
| **Total overtime due** | $4,033.78 | $3,778.02 | $4,558.16 | $780.14 |

Plaintiffs have also failed to establish the absence of a genuine issue of material fact as to whether a two-year or three-year statute of limitations applies. "[A]ll claims brought for violations of the FLSA must be 'commenced within two years after the cause of action accrued,' unless the violation was 'willful,'" in which case the claim must be brought within three years. **Redman v. U.S. West Bus. Res., Inc.**, 53 F.3d 691, 695 (8th Cir. 1998) (quoting 29 U.S.C. § 255(a)); accord **Jarrett v. ERC Props., Inc.**, 211 F.3d 1078, 1082 (8th Cir. 2000). A "willful violation" is "one where 'the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" **Id.** (quoting McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)).

Plaintiffs argue that they have established a willful violation by showing that Special Order 9.8E was drafted without steps taken to ensure that it complied with the FLSA. Special Order 9.8E concerns the scheduling and work hours of the personnel of the Police Department of the City of Manchester. (See Pls.' Ex. 6, ECF No. 110-8.) Contrary to Plaintiffs' position, the Order's creation without benefit of legal counsel does not establish a willful violation. See **Hanger v. Lake Cnty**, 390 F.3d 579, 584 (8th Cir. 2004) (noting

that Supreme Court in <u>McLaughlin</u>, 486 U.S. at 135, rejected standard for willfulness that turned "'on whether the employer sought legal advice concerning its pay practices'" "because an employer's decision not to seek legal advice could result from negligence or a good-faith, incorrect assumption about a statute's applicability").

Plaintiffs next argue that they are entitled to liquidated damages. In addition to the amount of damages being at issue, there remains a genuine issue as to whether liquidated damages are appropriate. "The FLSA provides for liquidated damages equal to the amount of actual damages." **Id.** at 1083. "[T]he court in its discretion may award no liquidated damages or reduced liquidated damages 'if the employer shows to the satisfaction of the court that the act or omission giving rise to [FLSA liability] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA].'" **Id.** (quoting 29 U.S.C. § 260) (second and third alterations in original). Defendant will bear the burden of showing at trial such good faith and reasonable grounds. <u>See</u> **Jarrett**, 211 F.3d at 1083.

## Conclusion

Plaintiffs having failed to establish the absence of a genuine issue of material fact about the amounts they are due, whether any FLSA violation was willful, and whether an award of liquidated damages is appropriate, and, if so, the amount,

**IT IS HEREBY ORDERED** that the motion of Jessica Adams, Tracey Lohse, and Mark Demitroff for summary judgment is **DENIED**.  [Doc. 110]

**IT IS FURTHER ORDERED** that a pretrial conference shall be held in this case on **Thursday, May 9, 2013,** at **1:30 in the afternoon.**  Counsel should anticipate being trained on the courtroom technology equipment immediately following the conclusion of the conference.

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of  April, 2013.