# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JESSICA ADAMS, TRACEY LOHSE, and MARK J. DEMITROFF, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 4:11cv1309 TCM<br>) |
| CITY OF MANCHESTER, | )<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case began as a collective class action with two subclasses and six causes of action. It ended with an award overtime pay and of liquidated damages to the three remaining members of one subclass on their remaining cause of action. Now pending is a motion for sanctions filed by Defendant, the City of Manchester, and a motion for attorney fees and expenses filed by Plaintiffs, Jessica Adams, Tracey Lohse, and Mark J. Demitroff (collectively referred to as "Plaintiffs").[1] The second motion shall be addressed first.

### Motion for Attorneys' Fees and Expenses.

Plaintiffs request an award of $186,440.00 in fees for time spent by their four attorneys in litigating their claim and an award of $954.28 for litigation expenses. The expenses are for service of the complaint ($62.00), mediation fees ($742.28), and fees for service of subpoenas ($150.00). See Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b)

---

[1]The electronic docket sheet lists two motions for attorneys' fees and expenses and pending. With their first motion, Plaintiffs requested leave to file a memorandum in excess of fifteen pages. Leave was denied. Subsequently, Plaintiffs filed a revised memorandum and refiled their motion for attorneys' fees and expenses. Their earlier motion will be denied as moot.

("The court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow . . . costs of the action."). Defendant opposes an award of service fees on the grounds that the costs incurred are not specific to the three prevailing Plaintiffs.[2] Regardless whether there were other individuals named as plaintiffs in the complaint, there was but one served complaint. The fees for service of that complaint would not have been less had only the prevailing Plaintiffs been named. The fees for such will be awarded as expenses.

For the reasons set forth below in the discussion of Mr. Dolley's request for attorneys' fees, the submitted expenses for mediation will be reduced by 50 percent; $371.14 will be allowed.

Also allowed will be the $150 sought for service of subpoenas.

Defendant also opposes the amount of attorneys' fees sought.

When reviewing Plaintiffs' request and Defendant's opposition thereto, the Court was mindful of the procedural path of this litigation, a brief history of which follows.

Adams and Charles Everingham were the named plaintiffs when their six-count complaint was filed in July 2011. The complaint included an FLSA claim on behalf of a subclass of police officers, of which Everingham was a member; an FLSA claim on behalf of a subclass of record clerks, of which Adams was then the only member; and four state law claims on behalf of both subclasses. Adams and Everingham brought their FLSA claims as a collective action and their state law claims as a potential class action pursuant to Federal

---

[2] It is undisputed that Adams, Lohse, and Demitroff are the only prevailing plaintiffs. See **Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.**, 532 U.S. 598, 602, 603-04 (2001) (to be a prevailing party entitled to a statutory attorneys' fee award, a party must have obtained a judgment on the merits or a court-ordered consent decree).

Rule of Civil Procedure 23. In August, before service of a responsive pleading, Adams and Everingham amended their complaint. The six causes of action remained.

In September, Lohse and Demitroff consented to join the FLSA action; they are members of the record clerks subclass. In November, Adams and Everingham filed a two-page motion to conditionally certify the class as a collective action under the FLSA and a thirteen-page supporting memorandum. The motion was not opposed, and was granted in January 2012. That same month, Christin Hagler consented to join the FLSA action as a member of the police officers subclass. A deadline for opting-in to the collective action was later extended to June 1, 2012.

In March 2012, Defendant moved for partial summary judgment on the claims of the police officers subclass. This motion was denied.

In October, Adams and Everingham moved to certify a class on three of their state-law claims. This motion was supported by a sixteen-page memorandum and eighty-seven pages of exhibits. It was denied. That same day, Plaintiffs summarily moved to dismiss their four state-law claims without prejudice. Defendant opposed the motion, arguing that it should be denied because Plaintiffs were merely seeking to avoid the order denying class certification. The Court granted the motion.

In December, Everingham moved for summary judgment on the police officers subclass's FLSA claim.[3] Adams, Lohse, and Demitroff moved separately for summary

---

[3]Hagler was not named as a movant.

judgment on the record clerks subclass's FLSA claim. Three days after responding to both motions, Defendant filed a two-sentence offer of judgment. See Fed.R.Civ.P. 68.

The same day, Defendant filed the pending motion for sanctions and a supporting memorandum. Two days later, Defendant filed a motion to strike and/or seal the offer of judgment, the motion for sanctions, and the supporting memorandum. In a two-sentence order, the Court granted the motion insofar as it requested that the three documents be sealed.

Three days later, Hagler moved to dismiss his claims without prejudice. Adams, Lohse, and Demitroff filed replies to Defendant's responses to their motion for summary judgment. Everingham did not, but he also moved to dismiss his claims without prejudice. The Court ordered that the motions would not be granted without prejudice, and advised Everingham and Hagler that they had to a certain date and time to amend their motions to be dismissals with prejudice and, should no amendments be forthcoming, their motions to dismiss would be denied. The next day, February 14, 2013, Everingham and Hagler moved to dismiss their claims with prejudice. Their motion was granted.

The motion of Adams, Lohse, and Demitroff for partial summary judgment was denied. The Court noted in its memorandum that the amount of overtime pay sought by the three changed in their reply memorandum from that in their opening brief.

A few weeks later, on April 22, 21013, the parties stipulated to the amount of overtime Plaintiffs were due. The only issue remaining for the bench trial was that of liquidated damages. Following a one-day trial, the Court found in Plaintiffs' favor and awarded them an amount, $15,425.71, in liquidated damages equal to the stipulated amount due for overtime pay.

Thus, what began as six-count action with two subclasses ended with a bench trial on the claims of three individual members of one subclass on the narrow issue of liquidated damages.

Plaintiffs' attorneys contend that, after exercising billing judgment and refraining from including any time spent on their motion for attorneys' fees,[4] their request for $186,440.00 for 694.75 hours spent in successfully litigating their FLSA claims is reasonable and should be granted.[5]

Section 216(b) requires that, in addition to a judgment awarded plaintiffs in a FLSA action, the court "allow a reasonable attorney's fee to be paid by the defendant . . . ." 29 U.S.C. § 216(b). In an FLSA case, "[c]ourts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of fees . . . 'encourage[s] the vindication

---

[4]Plaintiffs state in their memorandum in support of their motion for attorneys' fees that lead counsel, Kevin Dolley, exercised billing judgment and did not include entries for hours that "were not sufficiently descriptive, appeared to be duplicative, appeared to include non-essential tasks, were related to the Rule 23 class certification motion, or were tasks attributable only to the police officer subclass." (Pls.' Mem. at 3, ECF No. 181-1.) In his supporting affidavit, he avers that he and other members of his firm spent "nearly 1,000" hours in litigating the case and, after exercising billing judgment, are seeking only 694.75 hours. (See Pls.' Ex. 8 ¶ 22, ECF No. 181-9.) This effort by Mr. Dolley, although it eliminated almost 300 hours of billed time, is not sufficiently detailed for the Court to assume that the hours spent on pleadings that applied to Plaintiffs and also to the dismissed state-law claims and police officers subclass have not been reduced accordingly. Accordingly, the Court is unable to determine the appropriateness of any reduction, and will evaluate the time spent on such pleadings accordingly.

Also, Plaintiffs note that the submitted hours do not include any relating to their pending motion. Insofar as this observation may be construed as an argument that the submitted hours are not excessive, it is unavailing. Plaintiffs' election not to bill for some hours does not remove the hours that are billed from scrutiny.

[5]In their reply memorandum, Plaintiff list 10.7 hours and $2,730.00 spent by either lead counsel, Kevin Dolley, or one of his three co-counsel, Mark J. Obermeyer, on claims that did not involve Adams, Lohse, or Demitroff. They ask that the Court not reduce the amount requested in their motion, $186,440, but then name an amount, $183,710, that reflects the subtraction of $2,730.

of congressionally identified policies and rights.'" **Morales v. Farmland Foods, Inc.**, 2013 WL 1704722, *5 (D. Neb. April 18, 2013) (quoting Fegley v. Higgins, 19 F.3d 1126, 1134 (6th Cir. 1994)) (third alteration in original) (listing FLSA cases in which attorney's fees awarded far exceeded recovery by plaintiffs). See also **Pressler v. FTS USA, LLC**, 2011 WL 2182023, *1 (E.D. Ark. June 2, 2011) (noting that a fee award under § 216(b) need not be proportional to the damage award).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." **Hensley v. Eckerhart**, 461 U.S. 424, 433 (1983). This calculation, referred to as the "lodestar approach," results in a product which "*is presumed* to be the reasonable fee' to which counsel is entitled." **Pennsylvania v. Del. Valley Citizens' Council for Clean Air**, 478 U.S. 546, 564 (1986) (quoting Blum v. Stenson, 465 U.S. 886. 897 (1984)); accord **Hanig v. Lee**, 415 F.3d 822, 825 (8th Cir. 2005). This amount "should be one that is 'adequate to attract competent counsel, but does not produce windfalls to attorneys.'" **Beard v. Flying J, Inc.**, 2000 WL 33361999, *2 (S.D. Iowa Dec. 4, 2000) (quoting Hendrickson v. Branstad, 934 F.2d 158, 162 (8th Cir. 1991)).

Kevin Dolley, the lead counsel, seeks an hourly rate of $350 for the 286.15 hours he spent. (See Pls.' Mot. Ex 1 at 1, ECF no. 181-2.) Sarah Jane Hunt, a co-counsel, seeks an hourly rate of $225 for 182.7 hours; Mark Obermeyer, another co-counsel, seeks $200 an hour for 157.75 hours; and Mark A. Koupal, also a co-counsel, seeks $200 an hour for 68.15 hours. (Id.) In their reply memorandum, see note 5, supra, movants reduce Mr. Dolley's

hours by 3.7 and Mr. Obermeyer's hours by 7.0. (See Pls.' Reply at 10, ECF No. 187.) Defendant does not contest the reasonableness of any of the four attorney's stated hourly rate.

The question is the reasonableness of the hours expended. **Hensley**, 461 U.S. at 434. Hours that are "excessive, redundant, or otherwise unnecessary" are not to be included an award of fees. **Id.** at 433-34.

As explained below, the Court finds that not all the hours included by each of the four attorneys are reasonable.

Mr. Dolley lists a total of 13.5 hours spent preparing the complaint, i.e., 4.5 hours on July 18, 2011; 3.5 hours on July 19, 4 hours on July 24, and 1.5 hours on July 26. As noted above, this six-count complaint included an FLSA count on behalf of a police officer subclass and four counts for state-law claims.[6] These five counts were unilaterally dismissed on Plaintiffs' motion. Examining the complaint, the Court finds that the more detailed allegations necessary to the FLSA claims would consume one-half, not one-third, of the time spent in preparing the complaint. Of that one-half, only one-half, or 25 percent of the entire time, will be attributable to the prevailing Plaintiffs' FLSA claim. Mr. Dolley's 13.5 hours will be reduced by 75 percent; 3.38 hours will be billed; 10.12 will not. See **Hensley**, 461 U.S. at 440 ("A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole."); **Murray v. Stuckey's, Inc.**, 153

---

[6] Mr. Dolley states that hours attributable "only to the police subclass" were not included in the fee request. (Pls.' Mem. at 3.) This is not the same as reducing the hours spent on pleadings including all the claims by those *not* attributable to the FLSA claims of the record clerks subclass. Moreover, to the extent that the hours submitted might be so restricted, they would still be reduced as excessive.

F.R.D. 151, 153 (N.D. Iowa 1993) ("No fee may be awarded on an unsuccessful claim.") (citing Hensley, 461 U.S. at 435).

Similarly, Mr. Dolley's time spent on the first amended complaint, 1.5 hours on August 19, 2011, and on reviewing Defendant's answer, 1.5 hours on September 1, will also be reduced by 75 percent; therefore, .75 hours will be billed; 2.25 hours will not.

Mr. Dolley has requested an award of fees for time spent on FLSA claims, but has not identified in his submittal whether the FLSA claims were those of the police officers subclass or of the record clerks subclass. The hours in question are .5 hours on August 15, 2011, for time spent with a "potential class member"; .6 hours on August 18 for a telephone conversation with such a member; .25 hour on October 25 and .25 hour on November 2 with "Mathews"; 2.25 hours on November 21 preparing memorandum in support of motion for FLSA class certification presented on behalf of both subclasses; .25 hour on February 13, 2012, with "Benson," described only as a putative class member; 1.5 hours on February 20 and 1 hour on February 21 dealing with corrective notices that went to employees in both subclasses; 1 hour on February 24 to review a settlement offer to five employees who are not identified as named plaintiffs or in terms of which subclass they are members of; .5 hour on March 8 to review wage records of putative class member; .2 hour on March 20 and .1 hour on March 21 on a motion to set aside settlement agreements; .3 hour on April 29 to draft an email about the corrective notices; .25 hour on May 4, 5.75 hours on May 8, 3.75 hours on May 9, 5.5 hours on May 11, 2.25 hours on May 17, 8.25 hours on May 18, and an additional 3.5 hours on May 18 in preparation of, and taking of, the deposition of the chief of police for Defendant on behalf of both subclasses; 2 hours on August 28 to review

documentation for settlement demand presented on behalf of both subclasses; 1.8 hours on September 5 on demand letter; .2 hours on September 6 on demand letter; 2.5 hours on September 6, 2.35 hours on September 9, 2.1 hours on September 16, .75 hour on September 17, and 2.2 hours on September 24 to prepare for mediation on both subclass's claims; and 3 hours on September 25 to attend mediation. These hours spent in furtherance of the interests of the police officers subclass and the record clerks subclass total 50.75; 50 percent, 25.38 hours, will not be allowed.

Although Mr. Dolley's reexamination of his billed hours, see note 5, supra, eliminated an additional 3.7 hours of his time that he attributed to the FLSA claims of the police officers subclass, the Court's examination reveals additional time so spent that will not be awarded. This time includes .5 hours on September 6, 2011, discussing similarities between the two subclasses; 1.55 hours on March 26, 2012, on issues relating to a motion for summary judgment on the police officers subclass's claims[7]; .5 hour on June 15 to review a cross-motion to strike a pleading relating to the summary judgment motion; .6 hour on August 7 to review the order denying the summary judgment motion; .25 hour on September 7 to review the mediation process with Everingham; and .3 hours on November 6 to review an order denying Rule 23 class certification. These additional 3.7 hours will not be billed.

Nor will 3.6 hours be billed that Mr. Dolley spent trying to build rapport with defense counsel – .5 hour on August 18, 2011; questioning defense counsel's ethics – .5 hour on February 13, 2012, and .5 hour on February 14; and questioning defense counsel's interest

---

[7]These 1.55 hours are in addition to the hours on March 26, 2012, that Mr. Dolley subtracted on his own motion.

in settling the case – .5 hour on April 23, 2013, .5 hour on April 24, and 1.1 hour on April 25.  See **Jadari v. Shiba Invs., Inc.**, 2008 WL 5100812, *4 (D. S.D.. Dec. 3, 2008) (subtracting from fee request hours spent as a result of unnecessary quarrels with opposing counsel).

Mr. Dolley seeks an award of fees for 2.5 hours spent on January 7, 2013, and 9.75 hours spent on January 8 researching the question of sanctions and for 3 hours spent on January 7, 2013, researching Federal Rule of Civil Procedure 68.  Defendant filed its motion for sanctions on January 7, 2013.  Two days later, Defendant requested that the motion and its one-paragraph, two-sentence Rule 68 offer of judgment be stricken or sealed.  The Court granted the request that the pleadings be sealed, and a cursory examination of the electronic docket sheet would reveal so.  Months later, after the case had been tried, Plaintiffs asked the Court to reconsider its order, phrasing its request as echoing that of Defendant and referring to the motion at issue as being a Motion to Strike and not by the title given the motion by Defendant, a "Motion to Strike and/or Seal."  The Court has accepted Mr. Dolley's representation about his valuable expertise and experience.  The Court also notes that Mr. Dolley seeks an award of $35.00 for time spent reading its two-sentence order granting Defendant's motion[8] *insofar as it sought to seal the motion for sanctions and the offer of judgment*.  On other occasions, Mr. Dolley has demonstrated his ability to carefully read the Court's orders.  Given this background, the Court will not award Mr. Dolley for 15.25 hours spent researching sanctions when there was no timely response to the motion or, given Mr.

---

[8]This request is addressed below.

Dolley's experience, to researching Rule 68. His fee request will be reduced accordingly. See **Luong v. China Garden**, 2012 WL 2122200, *2 (D. S.D.. June 12, 2012) (reducing a request for four hours spent researching federal and state wage and hour laws on grounds that the hours expended were "more than an attorney with [the movant's] expertise and experience should require"; also, finding that "[i]t should take only a minute or two for an attorney with [the movant's] experience" to review a federal rule of civil procedure); **Gay v. Saline Cnty**, 2006 WL 3392443, *3 (E.D. Ark. Oct. 20, 2006) (finding number of hours claimed in FLSA action for research and drafting to be excessive, "especially when considered with the hourly rate demanded by . . . counsel").

Also given Mr. Dolley's expertise and experience, he will not be awarded for time spent in excess of the minimal expenditure that the following activities require: .25 hour on August 18, 2011, to review an entry of appearance and request for extension of time; .1 on September 20 to review an entry of appearance; .1 on September 27 to review a consent filing; .1 hour on October 3 to review Rule 16 conference order; .25 on October 4 to review Defendant's motion for continuance; .1 on October 5 to review an order granting by endorsement the motion for continuance; .1 on January 4, 2012, for a telephone conversation with court clerk about a lack of response by Defendant (a look at the electronic docket sheet would have sufficed); .1 hour on January 25 to review a one-paragraph notice by Defendant that had complied with a Court order, the contents of which order was known to counsel; .1 on February 14 to review an email confirming an extension of time; .1 on February 14 to review a brief scheduling order; .1 on February 14 to review an entry of appearance; .1 on February 21 to review a minute entry sheet listing name of case, attorneys, and time

proceedings began and ended; .25 on March 20 to review a request for extension of time; .1 on May 29 to review an order denying by endorsement proposed amendments to case management order; .1 on December 17 to review a one-sentence order resetting the trial date; .1 hour e-mail on March 18, 2013, to an attorney in his office directing her to enter her appearance; .2 hour on April 2 to read an email requesting a courtesy copy and respond; .1 hour on April 4 to send an email to an associate stating that pretrial compliance must be filed if case not settled before trial date; .1 hour on April 12 to leave a voice-mail message with opposing counsel; and .25 hours on April 24 to draft an email to opposing counsel to ask for a witness list that had been electronically filed the day before. The above-listed time totals 2.7 hours, which will not be awarded. See **Beard**, 2000 WL 33361999 at *5 (declining to award attorney fees for .25 hours spent reviewing a one-sentence pleading by one party joining in another party's response to the plaintiff's request for attorney fees).

Also not awarded will be .1 hour on March 8, 2013, spent reviewing a docket order granting Defendant leave to file a sealed document in support of it motion for summary judgment and .5 hour on April 19 on a reply to a motion to dismiss. At that time, there was no such motion pending, nor docket order entered.

Next, Mr. Dolley requests an award for hours spent preparing for trial, including the drafting of the parties' motion for a consent order to govern the trial proceedings and of Plaintiffs' proposed findings of fact and conclusions of law, on his own and with co-counsel. In the motion for a consent order, the parties stipulated to the amount of overtime wages due Plaintiffs. Mr. Dolley lists 11.6 hours spent on his own on this stipulation (2.25 hours on April 18, 2013; 1.75 hours on April 19, 4.5 hours on April 20, 2.5 hours on April 21, and .4

hours on April 22) and .85 hour spent with co-counsel.  The two-page, eight-paragraph motion included the two-sentence stipulation as to wages and waived the parties' right to a jury trial.  The 11.6 hours spent on this motion by Mr. Dolley is excessive and will be reduced by fifty percent.  Accordingly, his hours will be reduced by 5.8 hours.  Mr. Dolley also alone spent 42 hours on Plaintiffs' trial brief, proposed findings of fact and conclusions of law, and the exhibits:  1.25 hours on April 18, 2013, 2.75 hours on April 19, 4.75 hours on April 24, 3.25 hours on April 30, 4.5 hours on May 1, 6.5 hours on May 2, 3 hours on May 4 , .5 hour on May 9, 3.5 hours on May 10, 10 hours on May 11, and 2 hours on May 13.[9]  He spent 3.5 hours on April 29 reviewing a Department of Labor letter.  With co-counsel, Mr. Dolley spent 10 hours preparing for trial:  3.5 hours on April 17, 1 hour on April 30, .25 hour on May 1, 2 hours on May 2, .25 hour on May 3, 2 hours on May 9, and 1 hour on May 11.  The amount of time spent preparing for trial on the question of liquidated damages is excessive.  The issues were not novel.  See **Gay**, 2006 WL 3392443 at *3 (reducing fee award sought by counsel on grounds that the issues in the case – an FLSA action that began with fifty-seven plaintiffs, thirty-seven of whom went to trial, and ended with a jury verdict in favor of thirty plaintiffs – were not novel).  Indeed, the ability of Adams to discover a potential FLSA violation simply by doing internet research was cited by Plaintiffs when arguing in favor of liquidated damages.  Moreover, Mr. Dolley emphasizes his FLSA expertise and experience when supporting his hour rate.  The exhibits used at trial should not have required much review; they had all been previously submitted

---

[9]Mr. Dolley also spent six hours on May 13, 2013, at trial.  All these hours will be allowed.

in pleadings relating to the motions for summary judgment. Accordingly, the 55.5 hours spent by Mr. Dolley, either on his own or with co-counsel, preparing for trial will be reduced by 50 percent; 27.75 hours will not be allowed.

Mr. Dolley spent 7.5 hours on Plaintiffs' post-trial proposed findings of fact and conclusions of law: 1.5 hours on May 14, 3 hours on May 15, and 3 hours on May 24. The submitted proposed findings of act and conclusions of law include many findings and conclusions that were not at issue and are far more extensive than merited, even in the exercise of vigorous advocacy. The time spent will be reduced by 50 percent; 3.75 hours will be allowed.

For the foregoing reasons, of the 282.45 hours requested by Mr. Dolley, as reflected in his reply memorandum, 100.9 hours will not be allowed. The remaining 181.55 hours times his hourly rate of $350 equals $63,542.50. This amount will be allowed.

Plaintiffs also seek an award of fees for the 182.7 hours spent by Sarah Jane Hunt at an hourly rate of $225. Ms. Hunt's participation began in earnest with preparation of the pretrial compliance. The hours she devoted to such are 66.45: 1 hour on April 14, 2013, 7.7 hours on April 15, 9.5 hours on April 16, 7.25 hours on April 17, 6.75 hours on April 18, 11.5 hours on April 19, 10.75 hours on April 21, 8 hours on April 22, and 4 hours on April 23. There was but one issue remaining for trial, i.e., whether an award of liquidated damages was merited. As Plaintiffs repeatedly argued, and the Court so found, an award of liquidated damages is mandatory unless the employer carries the difficult burden of proving that he acted in good faith and reasonably. See **Chao v. Barbeque Ventures, LLC**, 547 F.3d 938, 941 (8th Cir. 2008). Ms. Hunt had the advantage of Mr. Dolley's expertise in this area, and

her expenditure of time was far in excess of what is reasonable. Her hours will be reduced by two-thirds; 22.59 hours will be allowed.

Similarly, the hours spent by Ms. Hunt processing exhibits for Mr. Dolley (1 hour on April 29); preparing proposed findings of fact and conclusions of law (2.75 on May 5 and 12.75 on May 7); researching arguments addressed to Defendant's motion in limine (4 hours on May 7 and 5.5 hours on May 8); preparing for trial (17 hours on May 11 and 12.5 on May 12), and preparing proposed, post-trial findings of fact and conclusions of law (8.5 on May 15, 8 on May 16, and 9.5 on May 17) are far in excess of what is reasonable and shall be reduced by two thirds. Accordingly, of the 71.5 hours sought, 24.3 will be allowed.

Ms. Hunt spent 1 hour on April 25 drafting a letter to defense counsel about an alleged failure to attempt settlement. As with the time spent by Mr. Dolley on such, this time will not be allowed.

For the foregoing reasons, the Court finds that the expenditure by Ms. Hunt of 91.64 hours was reasonable. The sum of those hours times her hourly rate of $225, $20,619, will be allowed.

Plaintiffs next seek an award for 150.75 hours[10] spent by Mark J. Obermeyer at an hourly rate of $200.

As with the hours requested by Mr. Dolley, included in Mr. Obermeyer's hours are those which addressed issues relating to both subclasses and those addressed to issues

---

[10]The original number listed was 386 hours; however, in their reply memorandum, Plaintiffs reduced that number by 7. See note 5, supra.

relating only to the police officers subclass.[11] The former category includes 8.5 hours on February 13, 2012, spent on the corrective notices and related issues, 5 hours on March 28, 3.5 hours on March 29, 3.5 hours on April 5, and 3.5 hours on April 5. Only fifty percent of these 19 hours, 9.5 hours, will be allowed. Mr. Obermeyer also spent 13.85 hours on matters affecting only the police officers subclass: 3.5 hours on March 8, 2013, 6.75 hours on March 9, and 3.6 hours on March 16. These hours will not be allowed.

The majority of Mr. Obermeyer's time appears to have been spent preparing Plaintiffs' motion for summary judgment, supporting memorandum, and reply memorandum. This motion sought an award of overtime compensation in the amount of $15,816.74 and an identical sum in liquidated damages. The time spent totals 75 hours: 4.5 hours on August 3, 2012, .5 hours on September 28, 3.5 hours on October 3, 3.75 hours on October 23, 3.25 hours on October 24, 2.5 hours on November 2, 4 hours on November 28, 4.25 hours on November 29, 5 hours on December 1, 2 hours on December 6, 7 hours on January 7, 2013, 3.5 hours on January 8, 5.75 hours on January 9, 9.25 hours on January 10, 3.5 hours on January 11, 3 hours on January 12, 4.25 hours on January 14, and 6 hours on January 15. Plaintiffs did not prevail on their motion; indeed, their reply memorandum, on which Mr. Obermeyer devoted 42 hours of his time, confirmed that there was a genuine issue of material fact as to the amount of overtime compensation due. The parties later stipulated that the amount of overtime compensation due was $15,425.71. The issue of liquidated damages was tried. Although the Court recognizes that the lack of success on a pleading does not

---

[11]Also as was the case with Mr. Dolley's itemized billing records, some, but not all, of Mr. Obermeyer's hours relating only to the police officer subclass were eliminated from the fee request.

equate to the lack of merit or to an erroneous litigation strategy, the Court finds that the number of hours spent is far in excess of what is reasonable. Mr. Obermeyer's 75 hours will be reduced by two-thirds; 25 hours will be allowed.

For the foregoing reasons, 52.4 of the hours sought by Mr. Obermeyer will be allowed. That amount times is hourly rate of $200 equals $10,480.00. This amount will be allowed.

Included in Plaintiffs' motion for attorneys' fees are 68.15 hours for Mark A. Koupal at an hourly rate of $200. Mr. Koupal spent 21.3 hours on the issue of FLSA class certification for both subclasses. This amount will be reduced by 50 percent; 10.65 hours will be allowed. He spent 12.15 hours on matters relating to a motion for summary judgment. The timing of these hours, all in June, 2012, and after Plaintiffs had responded to Defendant's motion for partial summary judgment on their claims, indicate that the hours were spent in response to Defendant's motion for summary judgment on the claims of the police officers subclass. They will not be allowed. Mr. Koupal also spent 30 hours preparing for and taking the deposition of Stephen Morice, an expert witness whose testimony was taken three months before the claims of the police officers subclass were dismissed and whose testimony was relevant to both subclasses. Only one-half of the time spent, 15 hours, will be allowed. The last item requested is for 8 hours Mr. Koupal spent on the day of trial, May 13, 2013, taking notes and transcribing same for the proposed findings of fact and conclusions of law. Both Mr. Dolley and Ms. Hunt were present at trial. Both participated; the hours spent by both at trial have been allowed. The hours of a third attorney, Mr. Koupal, will not be allowed.

For the foregoing reasons, 25.65 hours spent by Mr. Koupal, at his hourly rate of $200, a total of $5,130, will be allowed.

## Motion for Sanctions

Defendant cites Plaintiffs' litigation strategy in their motion for sanctions, characterizing it as a "continuing pattern of unreasonable and vexatious conduct." (Def.'s Mot. ¶ 23, ECF No. 122.) Insofar as the litigation strategy might be construed as pursuing claims beyond what is reasonable, any such concerns are sufficiently addressed in the context of Plaintiffs' motion for attorneys' fees. The motion will be denied.

## Conclusion

After careful review of Plaintiffs' detailed motion for attorneys' fees and expenses, the Court finds an award of the following to be merited.

Expenses:

| | |
|---|---:|
| Service of the complaint | $ 62.00 |
| Mediation fees | 371.14 |
| Service of subpoenas | 150.00 |
| **Total** | $ 583.14 |

Attorneys' Fees

| | |
|---|---:|
| Kevin Dolley | $ 63,542.50 |
| Sarah Jane Hunt | 20,619.00 |
| Mark Obermeyer | 10,480.00 |
| Mark Koupal | 5,130.00 |
| **Total** | $ 99,771.50 |
| **Total award** | **$100,354.64** |

Accordingly, as set forth above,

**IT IS HEREBY ORDERED** that Defendant's motion for sanctions [Doc. 122] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' second motion for attorneys' fees and litigation expenses [Doc. 181] is **GRANTED** as set forth above.

**IT IS FINALLY ORDERED** that Plaintiffs' first motion for attorneys' fees and litigation expenses [Doc. 179] is **DENIED** as moot.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  6th  day of September, 2013.